# Exhibit B

Docusign Envelope ID: 3791D016-365E-4F32-9580-6135D2D844B9



720 University Avenue
Suite 105
Palo Alto CA94301
info@systemtwosecurity.com

## System Two Security, Inc.

## Employee Confidentiality & Inventions Agreement

This Agreement confirms certain agreements in connection with my employment with or other service to System Two Security, Inc., a Delaware corporation ("System Two Security"), effective as of the date on which I first provided or provide services to System Two Security as an employee or otherwise.

1. **Duties**. I will perform such duties for System Two Security as System Two Security may designate from time to time. During my employment with or other service to System Two Security, I will devote my best efforts to the interests of System Two Security, will not engage in any activity that is competitive with System Two Security or engage in other employment or in any conduct in direct conflict with System Two Security interests that would cause a material and substantial disruption to System Two Security and will otherwise abide by all of System Two Security policies and procedures. My employment with System Two Security, does not prohibit me from performing other professional endeavors and or pecuniary activities outside of System Two Security working hours. Including pursuing or supporting investor activities of any nature as long as it is not in direct competition with System Two Security.

2. **Passwords, Etc; Expectation of Privacy**. I will not (a) reveal, disclose or otherwise make available to any person any System Two Security password or key, whether or not the password or key is assigned to me or (b) obtain, possess or use in any manner a System Two Security password or key that is not assigned to me. I will use my best efforts to prevent the unauthorized use of any laptop or personal computer, peripheral device, software or related technical documentation that System Two Security issues to me, and I will not input, load or otherwise attempt any unauthorized use of software in any System Two Security computer, whether or not such computer is assigned to me. I acknowledge and agree that I have no expectation of privacy with respect to the System Two Security's telecommunications, networking or information processing systems (including, without limitation, files, e-mail messages, and voice messages) and that my activity and any files or messages on or using any of those systems may be monitored at any time without notice.

3. **"Proprietary Information" Definition**. "Proprietary Information" includes (a) any information that is confidential or proprietary, technical or non-technical information of System Two Security, including for example and without limitation, information related to Innovations (as defined below), concepts, techniques, processes, methods, systems, designs, computer programs, source documentation, trade secrets, formulas, development or experimental work, work in progress, forecasts, proposed and future products, marketing plans, business plans, financial information, pricing models, customers and suppliers and any other nonpublic information that has commercial value or (b) any information System Two Security has received from others that System Two Security is obligated to treat as confidential or proprietary, which may be made known to me by System Two Security, a third party or otherwise that I may learn during my employment with System Two Security.

4. **Ownership and Nondisclosure of Proprietary Information**. All Proprietary Information is the sole property of System Two Security, System Two Security's assigns, System Two Security's customers and System Two Security's suppliers, as applicable. System Two Security, System Two Security's assigns, System Two Security's customers and System Two Security's suppliers, as applicable, are the sole and exclusive owners of all patents, copyrights, mask works, trade secrets and other rights in and to the Proprietary Information. I will not disclose any Proprietary Information to anyone outside System Two Security, and I will use and disclose Proprietary Information to those inside System Two Security only as may be necessary in the ordinary course of performing my duties as an employee of System Two Security. If I have any questions as to whether information constitutes Proprietary Information, or to whom, if anyone, inside System Two Security, any Proprietary Information may be disclosed, I will consult with my supervisor at System Two Security.

5. **"Innovations" Definition**. In this Agreement, "Innovations" means all discoveries, designs, developments, improvements, inventions (whether or

1

not protectable under patent laws), works of authorship, information fixed in any tangible medium of expression (whether or not protectable under copyright laws), trade secrets, know-how, ideas (whether or not protectable under trade secret laws), mask works, trademarks, service marks, trade names and trade dress.

6. Prior Innovations. Unless expressly set forth in a writing attached hereto, I represent that I do not have, or have any rights to, any Innovations relating to System Two Security's current or anticipated business that were made by me prior to my employment with or other service to System Two Security (the "Prior Innovations"). To the extent that there are any Prior Innovations, I will disclose them to System Two Security in writing. I hereby grant to System Two Security and System Two Security's designees a royalty-free, irrevocable, worldwide, fully paid-up license (with rights to sublicense through multiple tiers of sublicensees) to practice all patent, copyright, moral right, mask work, trade secret and other intellectual property rights relating to any Prior Innovations that I incorporate, or permit to be incorporated, in any Innovations that I, solely or jointly with others, conceive, develop or reduce to practice during my employment with System Two Security (the "System Two Security Innovations"). Notwithstanding the foregoing, I will not incorporate, or permit to be incorporated, any Prior Innovations in any System Two Security Innovations without System Two Security's prior written consent.

7. Disclosure and Assignment of System Two Security Innovations. I will promptly disclose and describe to System Two Security all System Two Security Innovations. I hereby do and will assign to System Two Security or System Two Security's designee all my right, title, and interest in and to any and all System Two Security Innovations. To the extent any of the rights, title and interest in and to System Two Security Innovations cannot be assigned by me to System Two Security, I hereby grant to System Two Security an exclusive, royalty-free, transferable, irrevocable, worldwide license (with rights to sublicense through multiple tiers of sublicensees) to practice such non-assignable rights, title and interest. To the extent any of the rights, title and interest in and to System Two Security Innovations can neither be assigned nor licensed by me to System Two Security, I hereby irrevocably waive and agree never to assert such non-assignable and non-licensable rights, title and interest against System Two Security or any of System Two Security's successors in interest. This Section 7 shall not apply to any Innovations that (a) do not relate, at the time of

conception, reduction to practice, creation, derivation, development or making of such Innovation to System Two Security's business or actual or demonstrably anticipated research, development or business; and (b) were developed entirely on my own time; and (c) were developed without use of any of System Two Security's equipment, supplies, facilities or trade secret information; and (d) did not result from any work I performed for System Two Security.

8. Future Innovations. I will disclose promptly in writing to System Two Security all Innovations conceived, reduced to practice, created, derived, developed, or made by me during the term of my employment, whether or not I believe such Innovations are subject to this Agreement, to permit a determination by System Two Security as to whether or not the Innovations should be considered System Two Security Innovations. System Two Security will receive any such information in confidence.

9. Notice of Nonassignable Innovations to Employees in California. This Agreement does not apply to an Innovation that qualifies fully as a nonassignable invention under the provisions of Section 2870 of the California Labor Code, which provides:

(a) Any provision in an employment agreement which provides that an employee shall assign, or offer to assign, any of employee's rights in an invention to employee's employer shall not apply to an invention that the employee developed entirely on employee's own time without using the employer's equipment, supplies, facilities, or trade secret information except for those inventions that either: (1) relate at the time of conception or reduction to practice of the invention to the employer's business, or actual or demonstrably anticipated research or development of the employer; or (2) Result from any work performed by the employee for the employer.

(b) To the extent a provision in an employment agreement purports to require an employee to assign an invention otherwise excluded from being required to be assigned under subdivision, the provision is against the public policy of this state and is unenforceable.

10. Cooperation in Perfecting Rights to Innovations. I agree to perform, during and after my employment, all acts that System Two Security deems necessary or desirable to permit and assist System Two Security, at its expense, in obtaining and enforcing the full benefits, enjoyment, rights and title

2

throughout the world in the Innovations as provided to System Two Security under this Agreement. If System Two Security is unable for any reason to secure my signature to any document required to file, prosecute, register or memorialize the assignment of any rights or application or to enforce any right under any Innovations as provided under this Agreement, I hereby irrevocably designate and appoint System Two Security and System Two Security's duly authorized officers and agents as my agents and attorneys-in-fact to act for and on my behalf and instead of me to take all lawfully permitted acts to further the filing, prosecution, registration, memorialization of assignment, issuance, and enforcement of rights under such Innovations, all with the same legal force and effect as if executed by me. The foregoing is deemed a power coupled with an interest and is irrevocable.

11. Return of Materials. At any time upon System Two Security's request, and when my employment with System Two Security is over, I will return all materials (including, without limitation, documents, drawings, papers, diskettes and tapes) containing or disclosing any Proprietary Information (including all copies thereof), as well as any keys, pass cards, identification cards, computers, printers, pagers, personal digital assistants or similar items or devices that System Two Security has provided to me. I will provide System Two Security with a written certification of my compliance with my obligations under this Section.

12. No Violation of Rights of Third Parties. During my employment with System Two Security, I will not (a) breach any agreement to keep in confidence any confidential or proprietary information, knowledge or data acquired by me prior to my employment with System Two Security or (b) disclose to System Two Security, or use or induce System Two Security to use, or bring into any System Two Security facility, any confidential or proprietary information or material belonging to any previous employer or any other third party. I am not currently a party, and will not become a party, to any other agreement that is in conflict, or will prevent me from complying, with this Agreement.

13. Survival. This Agreement (a) shall survive my employment by System Two Security; (b) does not in any way restrict my right to resign or the right of System Two Security to terminate my employment at any time, for any reason or for no reason; (c) inures to the benefit of successors and assigns of System Two Security; and (d) is binding upon my heirs and legal representatives.

14. No Solicitation. During my employment with System Two Security and for one (1) year thereafter, I will not solicit, encourage, or cause others to solicit or encourage any employees, consultants or independent contractors of System Two Security to terminate their employment with or other service to System Two Security.

15. No Disparagement. During my employment with System Two Security and after the termination thereof, I will not disparage System Two Security, its products, services, agents or employees, officers or directors or affiliates.

16. Injunctive Relief. I understand that if I violate this Agreement, System Two Security will suffer irreparable and continuing damage for which money damages are insufficient and agree that System Two Security shall be entitled to injunctive relief and/or a decree for specific performance, and such other relief as may be proper (including money damages if appropriate), to the extent permitted by law. Notwithstanding Section 18 below, a claim for equitable relief arising out of or related to this Agreement may be brought in any court of competent jurisdiction.

17. Notices. Any notice required or permitted by this Agreement shall be in writing and shall be delivered as follows, with notice deemed given as indicated: (a) by personal delivery, when actually delivered; (b) by overnight courier, upon written verification of receipt; (c) by electronic mail (email) , upon acknowledgment of receipt of electronic transmission; or (d) by certified or registered mail, return receipt requested, upon verification of receipt. Notices to me shall be sent to any address in System Two Security's records or such other address as I may provide in writing. Notices to System Two Security shall be sent to System Two Security's Human Resources Department or to such other address as System Two Security may specify in writing.

18. Dispute Resolution. This Agreement shall be governed by the substantive laws, but not the choice of law rules, of the State of California. Except as provided in Section 16, any controversy, dispute or claim arising out of or relating to this agreement, or my employment with System Two Security, shall be resolved through binding arbitration administered by JAMS pursuant to its Employment Arbitration Rules & Procedures. The parties may conduct only essential discovery (i.e., discovery sufficient to arbitrate the claim at issue) prior to the hearing, as defined by the JAMS arbitrator. Following the hearing, the JAMS

3

arbitrator shall issue a written decision, which contains the essential findings and conclusions on which the decision is based. The parties agree that the result of arbitration hereunder shall be final and binding upon the parties, and judgment upon the award may be entered in any court having jurisdiction. Employee shall bear only those costs of arbitration he or she would otherwise bear had employee brought a claim covered by this agreement in court. System Two Security shall pay for the costs that are unique to the arbitration. Each of us will be responsible for payment our respective attorneys' fees. However, if any party prevails on a statutory claim that affords the prevailing party attorneys' fees, the arbitrator may award reasonable attorneys' fees to the prevailing party. The arbitrator shall not have any power, authority or jurisdiction to change or modify any provision of this Agreement. System Two Security may apply to any court of competent jurisdiction for a temporary restraining order, preliminary injunction, or other interim or a conservatory relief, as necessary, without breach of this arbitration agreement and without abridgement of the powers of the arbitrator. I HAVE READ AND UNDERSTAND THIS SECTION REGARDING ARBITRATION. I UNDERSTAND THAT BY SIGNING THIS AGREEMENT, I AGREE TO SUBMIT ANY CLAIMS ARISING OUT OF, RELATING TO, OR IN CONNECTION WITH THIS AGREEMENT, OR THE INTERPRETATION, VALIDITY, CONSTRUCTION, PERFORMANCE, BREACH OR TERMINATION THEREOF TO BINDING ARBITRATION AND THAT THIS ARBITRATION CLAUSE CONSTITUTES A WAIVER OF MY RIGHT TO A JURY TRIAL AND RELATES TO THE RESOLUTION OF ALL DISPUTES RELATING TO EMPLOYEE'S RELATIONSHIP WITH THE COMPANY, INCLUDING, BUT NOT LIMITED TO, CLAIMS OF HARASSMENT, DISCRIMINATION, WRONGFUL TERMINATION AND ANY STATUTORY CLAIMS.

19. At-will I acknowledge that, unless otherwise set forth in a separate written agreement, my employment with System Two Security is on an "at-will" basis, meaning that the terms of my employment are subject to change, my employment is not for a specified period of time and I can resign, or System Two Security can terminate my employment, at any time, with or without cause or notice, and without any severance payment or similar obligation except as set forth in any written agreement with the Company or as required by law. The "at will" nature of my employment cannot be changed by an oral agreement and can only be changed by a written agreement signed by System Two Security

20. Right to Counsel. I acknowledge that I have had the right to consult with counsel and is fully aware of my rights and obligations under this Agreement

21. Severability. If an arbitrator or court of law holds any provision of this Agreement to be illegal, invalid or unenforceable, (a) that provision shall be deemed amended to provide System Two Security the maximum protection permitted by applicable law and (b) the legality, validity and enforceability of the remaining provisions of this Agreement shall not be affected.

22. Waiver; Modification. If System Two Security waives any term, provision or breach by me of this Agreement, such waiver shall not be effective unless it is in writing and signed by System Two Security. No waiver shall constitute a waiver of any other or subsequent breach by me. This Agreement may be modified only if both System Two Security and I consent in writing.

23. Entire Agreement. This Agreement, including any agreement to arbitrate claims or disputes relating to my employment that I may have signed in connection with my employment by System Two Security, represents my entire understanding with System Two Security with respect to the subject matter of this Agreement and supersedes all previous understandings, written or oral. I acknowledge that I have not been promised any other arrangements regarding employment, compensation or equity ownership except as expressly set forth in a written agreement between me and System Two Security.

24. Termination Certification. In connection with any termination of my employment, I agree to certify in writing that I have complied with this Agreement and my continuing obligations hereunder.

*Signature page to follow*

Docusign Envelope ID: 3791D016-365E-4F32-9580-6135D2D844B9

I certify and acknowledge that I have carefully read all of the provisions of this Agreement and that I understand and will fully and faithfully comply with such provisions.

EMPLOYEE:

DocuSigned by:

Signature: *Aaron Mog*
3020A17B8A694DB...

Name: Aaron Mog

Dated: 9/25/2024

5