# Exhibit I



**From:** John Cowgill <john@costanoa.vc>
**Date:** Monday, May 11, 2026 at 7:53 PM
**To:** Robert <robert@detections.ai>
**Subject:** Fwd: Re: Settlement Proposal

Are you not getting any of his responses? See below

John Cowgill

General Partner
Website | LinkedIn
312.216.7653

# ⬙costanoa

---------- Forwarded message ----------
From: Aaron Mog <aaronmog@gmail.com>
Date: Monday, May 11 2026 at 7:09 PM PDT
Subject: Re: Settlement Proposal
To: Robert <robert@detections.ai>
Cc: john <john@costanoa.vc>, Kamesh Raghavendra <kamesh@hivedata.com>


Robert,

I received the company's proposal and do not accept it.

To be clear, I am not moving off my position.

This is not an amicable separation. You do not get to take my idea, my domain, my network effect, my reputation, my options (which you just significantly increased), and my advisors - then just walk away without an equitable settlement.

I strongly disagree with your decision to terminate me, and your decision harmed shareholder value much more significantly than any cash payments you make to settle.

I am not interested in signing an agreement that broadly waives my rights as a former employee, shareholder, or stakeholder. I am also not interested in equity acceleration or increasing my stake in S2S as consideration for resolving this matter. Given the circumstances of my termination and my concerns about current leadership, I am only interested in a cash-based resolution.

As the domain owner's authorized representative, my position is final: **$450,000** and a one-time acquisition of detections.ai.

That amount reflects the domain's current use, user base, brand dependency, replacement risk, and the fact that S2S and its CEO knowingly built GTM and product reliance on an asset the company did not own.

I am not responsible for solving S2S's valuation, financing, or execution issues by transferring a strategic asset at a discount.

If S2S chooses to escalate this with legal threats, rather than resolve it commercially, I will vigorously defend my position and preserve all available rights. detections.ai was built on trust and my personal credibility in the security community. If this is not resolved quickly and equitably, I reserve the right to truthfully and lawfully communicate the company's status and your role in my departure to the community I built.

S2S should not interpret the domain's continued availability as consent, waiver, transfer of rights, or permission for indefinite ongoing use.

-Aaron


On Mon, May 11, 2026 at 6:18 PM Robert <robert@detections.ai> wrote:

> Aaron,
>
> I'm writing to share the company's settlement proposal.
>
> We are approaching this in good faith and would prefer to reach a practical resolution that lets everyone move forward. We are all shareholders, and I believe everyone's interests are best served by avoiding a prolonged dispute that distracts from the company and damages value.
>
> At the same time, we need to be realistic about what the company can support. A nearly half million-dollar outcome is not feasible for a startup at our stage and would directly impact the company and its shareholders. As a reminder, you signed the Employee Confidentiality & Inventions Agreement, including the proprietary rights and related provisions contained within that agreement, which was in effect at the time the domain was purchased.
>
> The company is prepared to offer the following:
>
> - 8 months severance, or an equivalent cash payment for the domain, whichever structure you prefer
> - 8 months COBRA

- Acceleration of your first option grant

We believe this is a fair and meaningful offer that recognizes your contributions while balancing the needs of the company and all shareholders.

This proposal would be in exchange for a general release of all claims, assignment and transfer of the detections.ai domain to the company, and a mutual non-disparagement agreement in a form counsel would prepare.

Please take a day to consider this. I genuinely believe this is a reasonable path for everyone.

If we are unable to reach agreement, the company is prepared to move forward and defend its position. That is not my preferred outcome, but we need to bring this matter to resolution one way or another.

-Robert

3